## Palm Ave. Hialeah Trust v Knowles

2025 NY Slip Op 31781(U)

May 16, 2025

Supreme Court, Queens County

Docket Number: Index No. 703456/20

Judge: Timothy J. Dufficy

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**Short Form Order**

### NEW YORK SUPREME COURT - QUEENS COUNTY

PRESENT: HON. TIMOTHY J. DUFFICY      PART 35
              Justice

---------------------------------------------------------------------X

PALM AVENUE HIALEAH TRUST, A      Index No.: 703456/20
DELAWARE STATUTORY TRUST, FOR AND    Mot. Date: 12/10/24
ON BEHALF AND SOLELY WITH RESPECT    Mot. Seq. 7
TO PALM AVENUE HIALEAH TRUST, SERIES
2014-1,

                   Plaintiff,

     -against-

HAROLD KNOWLES, THE CHASE MANHATTAN
BANK, NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, BARBARA FOLKES, JEAN
FOLKES, JEANPAUL FOLKES, JOHN DOE
(REFUSED NAME), JOSHUA TOMLINSON, and
TREVOR FOLKES,

                   Defendants.

---------------------------------------------------------------------X

The following papers were read on this motion by plaintiff for an order, pursuant to CPLR 2221, seeking to reargue and renew defendant Harold Knowles's prior motion (Motion Sequence No. 5), which motion was decided in the Order, dated July 31, 2024; and upon reargument, denying the defendant's motion.

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion-Affidavits-Exhibits ........................ | EF 190-191 |

Upon the foregoing papers, it is ordered that the motion by plaintiff is granted, without opposition.

In the instant foreclosure action, defendant Harold Knowles previously moved for an order "discharging the mortgage pursuant to the new foreclosure act, Foreclosure Abuse Prevention Act S.5473-S, (FAPA), CPLR 213(4) and RPAPL 1501," marked as Motion Sequence No. 5, (the prior motion).

In this Court's Order, dated July 31, 2024 and filed August 1, 2024, defendant's motion was granted and the action was dismissed, as this Court determined that the action was time-barred "pursuant to CPLR 213(4)" (the prior decision).

1

[* 1]

Plaintiff brings the instant motion for an order, pursuant to CPLR 2221, seeking to reargue the prior motion, and upon reargument, denying the prior motion and vacating the prior decision.

Pursuant to CPLR 2221(d), a motion to reargue is addressed to the sound discretion of the court, and shall be "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221(d), *see Deutsche Bank Natl. Trust Co. v Ramirez*, 117 AD3d 674 [2d Dept 2014]).

Movant maintains, *inter alia*, that the Court erred in its decision, by overlooking the fact that the defendant's prior motion was not made in accordance with, or based upon, any statutory or procedural grounds that allow for vacature of prior orders or judgments, or any that allow for dismissal of the action.

The Court finds that plaintiff's contentions are with merit.

Pursuant to CPLR 2214(a), a movant seeking relief from the Court must provide an opponent with notice that, *inter alia*, specifies "the relief demanded and the grounds therefor."

As mentioned above, the defendant specified in his order to show cause that he was seeking dismissal of the action, based upon the Foreclosure Abuse Prevention Act (FAPA), CPLR 213(4), and RPAPL §1501. Plaintiff correctly notes that these statutes do not provide mechanisms for dismissal or relief from prior orders and judgments. Instead those statues provide for, *inter alia*, sweeping amendments to existing statutes and the statute of limitations for foreclosure actions.

This Court granted relief to the defendant based upon, in effect, CPLR 2221(e)(2), which allows a party to renew or reargue a prior motion or vacate an on order, based upon a "change in the law that would change the prior determination," which as relevant here, was the enactment of FAPA.

The Court overlooked the fact that the defendant failed to base its motion upon these grounds, nor did the defendant base its motion upon grounds which the Court could provide relief for with dismissal of the action, such as with a motion based upon, *inter alia*, CPLR 2221, 3211, 3212, or 5015.

2

[* 2]

Furthermore, the plaintiff was plainly prejudiced by the Court granting relief, based upon CPLR 2221(e), where the defendant did not have to satisfy the requirements set forth in said statute before being granted relief based upon the same.

As such, plaintiff's motion to reargue the prior motion is granted. Upon reargument, the Court denies the defendant's prior motion seeking dismissal of the action, based upon defendant failing to bring the prior motion based upon proper procedural and statutory grounds.

As plaintiff's motion is granted based upon these grounds, the Court need not address the additional arguments raised in plaintiff's motion. However, the Court notes that, as argued by the plaintiff here, after submission of the instant motion, the Second Department has since held that FAPA can be applied retroactively and that said retroactive application of FAPA does not violate due process (*see FV-1, Inc. v Palaguachi*, 234 AD3d 818 [2d Dept 2025]).

Accordingly, it is

**ORDERED** that the motion by plaintiff seeking leave to reargue the prior motion by defendant Harold Knowles (Motion Sequence No. 5), which motion was decided in this Court's Order, dated July 31, 2024, is granted, without opposition; and it is further

**ORDERED** that, upon reargument, defendant's motion to dismiss, marked as Motion Sequence No. 5, is denied, for the reasons set forth above; and it is further

**ORDERED** that the Order, dated July 31, 2024 and filed August 1, 2024, is hereby vacated and set aside, and it is further

**Dated: May 16, 2025**

**TIMOTHY J. DUFFICY, J.S.C.**

FILED
5/16/2025
COUNTY CLERK
QUEENS COUNTY

3

[* 3]